**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DOROTHEA PAVLOV, et al.** | ) | **Case No. 5:07CV02580** |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE SARA LIOI** |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **CONTINENTAL CASUALTY CO.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on Plaintiffs' motion for leave to file their Amended Class Action Complaint. (Doc. No. 24.) Defendant Continental Casualty Company ("Defendant") opposed Plaintiffs' motion (Doc. No. 26), and Plaintiffs replied. (Doc. No. 28.) The matter is ripe for decision.

**I. Statement of Facts and Procedural History**

Plaintiffs Dorothea Pavlov and Carolyn Elston purchased policies of Long-Term Care Insurance from Defendant. (Compl. ¶ 8.) Plaintiffs purchased the policies in 1992. (Compl. ¶¶ 1, 3.) Both Plaintiifs subsequently developed dementia, were admitted to assisted living facilities, and filed claims for benefits with Defendant. Defendant denied the claims on the basis that the facilities selected by Plaintiffs did not meet the policy definition of a Long Term Care Facility. Specifically, Defendant asserted that the policy required that any covered Long Term

Care Facility have a registered nurse ("RN"), licensed vocational nurse ("LVN"), or licensed practical nurse ("LPN") on-site 24 hours a day. The facilities chosen by Plaintiffs did not satisfy this condition, and their claims were denied on this basis.

According to Plaintiffs, the definition of Long Term Care Facility that appears in the policy did not state any requirement that qualifying facilities have a RN, LVN or LPN on-site at all times. Rather, the policy definition required facilities to have "24 hour-a-day nursing services provided by or under the supervision of a [RN, LVN or LPN][. . .]."

Both Plaintiffs purchased the same policy from Defendant. This was referred to as the "15203 series" Long Term Care Policy, sold by Defendants from 1991 through 1996. Plaintiffs filed this action on August 24, 2007, seeking to represent a nationwide class of individuals who were denied benefits wrongfully by Defendant based upon Defendant's purportedly erroneous interpretation of the Long Term Care Facility definition and/or the Alternate Plan of Care benefit definition. The class definition set forth by Plaintiffs in the original complaint is as follows:

Plaintiffs seek to represent the following proposed classes:

(1) All Policyholders of the 15203 Policy under which a claim was, is, or will be denied on the basis that the Longer-Term Care Facility in which the Policyholder was or is receiving care did not provide an RN, LVN, or LPN on-site 24 hours a day, seven days a week; (2) All Policyholders of the 15203 Policy who have been, are being, or will be denied the Alternate Plan of Care benefit."

(Compl. ¶ 78.)

On November 14, 2007, the Court conducted a case management conference, during which the parties discussed with the Court scheduling of dates and deadlines to govern the proceedings in this case. The Court issued a Case Management Plan and Trial Order (the

2

"CMPTO") setting forth the established deadlines. Among the deadlines stated in the CMPTO were the following: (1) deadline for Plaintiffs to add parties or amend pleadings was January 14, 2008; (2) deadline for completing Rule 23 discovery is May 5, 2008; (3) deadline for Plaintiffs' filing of a motion for class certification is July 7, 2008.

Plaintiffs filed the instant motion for leave on February 27, 2008. Plaintiffs assert that, during discovery, they learned that in addition to the 15203 series policy, Defendant has issued other Long Term Care policies which contain the same definitions of Long Term Care Facility and the Alternate Plan of Care benefit. Plaintiffs believe, based upon discovery, that Defendant issued at least 17 forms of the Long Term Care policy which contain the same definitions. Plaintiffs assert that it is highly likely that many additional individuals who held Long Term Care policies issued by Defendant were denied coverage based upon the same allegedly improper rationale as Plaintiffs. Accordingly, Plaintiffs seek leave to file the Amended Class Action Complaint attached to their motion (Doc. No. 24-2), which proposes to amend the class definition as follows:

Plaintiffs seek to represent the following proposed classes:

(1) All individuals who purchased from Defendant a Long Term Care policy that contains the same definition of 'Long-Term Care Facility' as that term is defined on page 8 of Exhibit 3 attached hereto, and whose claim was, is, or will be denied on the basis that the Long-Term Care Facility in which the individual was, is, or will be receiving care did not provide an RN, LVN, or LPN on-site in a manner so as to satisfy section 3 of the definition of 'Long-Term Care Facility.'

(2) All individuals who purchased from Defendant a Long Term Care Policy that contains the same 'Alternate Plan of Care Benefit' as contained on page 11 of Exhibit 3 attached hereto, and (a) whose claim for benefits was denied without reviewing the individual's eligibility for the Alternate Plan of Care Benefit, or (b) whose claim for the Alternate Plan of Care Benefit has been or will be denied.

(Am. Compl. ¶ 79.)

3

Defendant opposed the filing of the proposed amended complaint, asserting, *inter alia*, that the filing was untimely and would prejudice Defendant. The issue has been briefed fully[1] and is ripe for decision.

## II. Law and Analysis

### A. Standard of Review – Rule 15(a)

After the defendant files a responsive pleading, the plaintiff may amend the complaint only by leave of court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id*. The decision whether to permit the amendment is committed to the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32 (1971); *Estes v. Ky. Util. Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980). The trial court's discretion is, however, "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted).

"Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint." *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986)). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a

---

[1] After the completion of briefing on the motion, Plaintiffs filed a "Notice of Recently Produced Evidence Supporting Their Motion for Leave to File Amended Class Action Complaint," along with a supporting declaration. (Doc. Nos. 30 & 31.) These additional filings describe and attach another policy issued by Defendant which Plaintiffs claim contains identical definitions of the terms 'Longer Term Care Facility' and 'Alternate Plan of Care Benefit' as the 15203 policy at issue in the original complaint. This policy is labeled the "16356 series" policy.

timely action in another jurisdiction." *Id*. at 662-63 (citation omitted). The longer the period of unexplained delay, the less prejudice the adverse party will be required to show to defeat the motion. *Id*. at 662 (citation omitted).

### B. Standing

In opposition to Plaintiffs' motion for leave, Defendant asserts that Plaintiffs lack standing to assert claims on behalf of policyholders who purchased policies which differ from those purchased by the named Plaintiffs. In support of this argument, Defendant cites *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 128 (2005). Defendant's standing argument is without merit. The *Avery* case states merely that, in the context of class certification, a plaintiff seeking certification must show that "successful adjudication of the purported class representatives' individual claims will establish a right of recovery in other class members." *Id*. (citations omitted).[2] This is not a standing issue; it is a class certification issue. This action has not yet arrived at the class certification stage. With respect to standing, there is no question that the named Plaintiffs are members of the proposed class as defined, and therefore have standing to purport to assert claims on behalf of that class. Whether or not it is appropriate to certify a class that includes policies other than those purchased by the named Plaintiffs has not yet been determined. That issue is not ripe. Defendant may contest the propriety and/or the scope of class

---

[2] Defendant's interpretation of this citation as one dealing with standing is erroneous. Moreover, its application of the proposition for which it cited *Avery* (but for which the case does not stand) to this case is disingenuous. Defendant asserts that "Individual coverage disputes over insurance contracts to which the named plaintiffs are not parties, involving contract terms about which plaintiffs know nothing, simply have no place in this case." *Avery* says no such thing. Even if it did, it would not apply because Plaintiffs indeed know something about the terms of the other policies; namely that they define the terms Long Term Care Facility and Alternate Plan of Care benefit (the same terms under which Plaintiffs were denied coverage) in the same manner as the 15203 policy. If the policies do not contain the same definitions, they do not fall within the class as Plaintiffs have defined it.

certification at the appropriate time.[3]

### C. Timeliness

Defendant argues that leave should be denied because it was not sought timely.[4] Specifically, Defendant asserts that Plaintiffs knew, based upon discovery received in an earlier action in the Southern District of Ohio,[5] that Defendant issued other policies similar to the 15203 policy. In this regard, Defendant attempts to contradict Plaintiffs' assertion that the discovery received in this action prompted Plaintiffs to seek leave to amend when they did.

"Delay alone will ordinarily not justify the denial of leave to amend; however, delay will at some point become "undue," "placing an unwarranted burden on the court," or "prejudicial," "placing an unfair burden on the opposing party." *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 347 (6th Cir. 2007) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). Defendant's timeliness argument does not focus on the prejudicial effect of the purported delay. Nor does Defendant explain why it believes the delay was "undue," other than to say that Plaintiffs' counsel may have had documents in their possession that arguably could have allowed them to assert the class definition they now seek to press in the proposed amendment at an earlier time. But this is not so clear cut. The information Defendant asserts was possessed by Plaintiffs does not establish clearly that Plaintiffs knew of the existence of other similar policies before this action was filed. Defendant also does not

---

[3] Moreover, standing is a jurisdictional issue that can be raised at any time. If Defendant is or becomes aware of any authority which stands for the proposition that Plaintiffs may not assert claims on behalf of individuals who held different policies, Defendant is encouraged to bring such authority to the attention of the Court. At this juncture, the Court is not aware of any such authority.

[4] Defendant asserts repeatedly that Plaintiffs' motion was untimely and should be denied because it was not filed on or before the deadline for adding parties or amending pleadings set in the CMPTO. That the motion was filed after the deadline set in the CMPTO does not render it necessarily untimely as a matter of law. While failure to file the amendment before the deadline weighs against allowing it, the timeliness of the proposed amendment must be assessed with regard to the circumstances and posture of the case at the time it is proposed.

[5] *Hoekenga v. Cont'l Cas. Co.*, Case No. 1:06-cv-458.

establish that Plaintiffs knew that such other policy lines contained the same definition of Long Term Care Facility and/or the Alternate Plan of Care Benefit. Plaintiff's counsel submitted a declaration refuting Defendant's allegations, stating that, in fact, she had no knowledge regarding other policy series issued by Defendant. (Pecquet Decl., ¶¶ 6-9.)[6]

Moreover, even if Defendant could establish that Plaintiffs' counsel possessed such information as a result of discovery in the *Hoekenga* action, Defendant's timeliness argument does not explain why, in the context of this action, the delay should be considered "undue," particularly in light of the relatively early stage of this litigation. The Court finds that Plaintiffs delayed at most only slightly (and, if Plaintiffs' evidence is credited, not at all).[7] Plaintiffs filed the motion to amend on February 27, 2008, well in advance of the May 5, 2008 rule 23 discovery cutoff. The Court concludes, therefore, that any delay on the part of Plaintiffs was not undue.

**D. Prejudice**

Having concluded that Plaintiffs did not delay unduly in seeking leave to amend, Defendant's opposition to the motion may succeed, if at all, based only upon a showing that it would be prejudiced. Because the period of unexplained delay, if any exists, is negligible, the showing of prejudice required to defeat the amendment is considerable.

Defendant asserts that if the amendment is allowed, it "will be put to the task of demonstrating the impropriety of including these new policies in the case," which "will necessitate more evidence, testimony and discovery [. . .]." (Def.'s Opp. at 3.) Defendant, however, makes no effort to quantify or otherwise impress upon the Court the magnitude of the

---

[6] Counsel's declaration points out that the *Hoekenga* case was not a class action, and discovery in that case did not target other series of Long Term Care policies.
[7] The Court has no reason to disbelieve Plaintiff's evidence.

additional discovery burden. Nor does Defendant characterize the alleged prejudice as significant or unfair. Defendant's nebulous assertion of prejudice based upon the need for additional discovery does not rise to the level of the "significant" prejudice required to deny Plaintiffs' motion to amend. *See Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987) (citing *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)). This litigation is still in its early stages. No motion practice has taken place. The proposed amended complaint does not seek to assert new causes of action or overhaul Plaintiffs' theory of the case. While the additional discovery necessitated by allowing the amendment indisputably would work some prejudice on Defendant in terms of the expenditure of further resources, Defendant has failed to establish (or even argue) that such prejudice would be significant, let alone sufficiently significant to warrant denial of Plaintiffs' motion to amend.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion for leave to file the Amended Class Action Complaint is **GRANTED**. The Amended Complaint shall be deemed filed as of the date of this order.

**IT IS SO ORDERED**.

Dated: April 4, 2008

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**